MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Ave., Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorneys for Plaintiffs MICHAEL HOON KIM, and MIMI KIM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL HOON KIM, and MIMI KIM, | Case No.: |
|---|---|
| Plaintiffs, | |
| vs. | **COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN** |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; and GROUP BASIC TERM LIFE, SUPPLEMENTAL DEPENDENT LIFE, SUPPLEMENTAL TERM LIFE, ACCIDENTAL DEATH AND DISMEMBERMENT PLAN FOR EMPLOYEES OF BAXTER INTERNATIONAL INC., | |
| Defendants. | |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C.§ 1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. (hereafter "ERISA") as it involves a claim by Plaintiffs for Supplemental Life insurance benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiffs' claim occurred in this

judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiffs are informed and believe and thereon allege that Defendant, GROUP BASIC TERM LIFE, SUPPLEMENTAL DEPENDENT LIFE, SUPPLEMENTAL TERM LIFE, ACCIDENTAL DEATH AND DISMEMBERMENT PLAN FOR EMPLOYEES OF BAXTER INTERNATIONAL INC. is an employee welfare benefit plan established and maintained by BAXTER INTERNATIONAL INC. an Illinois corporation, to provide its employees with life insurance protection, and is the Plan Administrator.

5. Plaintiff alleges upon information and belief that Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Connecticut and authorized to transact and transacting the business of insurance in this state.

6. Plaintiffs MICHAEL HOON KIM and MIMI KIM ("Plaintiffs") are, and at all relevant times were, residents and citizens of the State of California, the parents of decedent Luke Kim and beneficiaries under the Supplemental Life Insurance benefit plan.

7. Defendant HARTFORD issued Group Life Insurance Plan Number 0GL402755 to Baxter International Inc. and the eligible participants and beneficiaries of the Plan.

8. Based upon information and belief, decedent Luke Kim had elected Supplemental Life Insurance coverage equivalent to four times his annual salary.

9. Tragically, on June 23, 2020, decedent and insured Luke Kim died as a result of injuries sustained in a fall.

10. On or about July 27, 2020, Defendant HARTFORD denied Plaintiffs' claim for Supplemental Life Insurance under the Plan based on their determination

that the suicide exclusion applied.

11. On or about September 18, 2020, Plaintiffs requested a review of the denial of the Supplemental Life Insurance Claim. Plaintiffs provided a detailed timeline leading up to their son's death inconsistent with any type of suicidal ideations. Plaintiffs also noted the Irvine Police Department's failure to obtain crucial surveillance footage from the time of the incident. In addition, Plaintiffs noted that none of the witness statements obtained by the police supported the conclusion that their son had intentionally jumped to his death.

12. Plaintiffs noted in support of their appeal that the totality of the evidence did not support Defendant HARTFORD's conclusion:

- "I hope your reconsideration of these facts shows that our son was a very active, responsible and successful working young man whose career was advancing, was planning an active lifestyle and was loved by everyone around him.
- Luke loved helping people, that's why he chose the nursing field. He had so much to live for and always full of life with the brightest smile that lit up the room. He loved surfing, snowboarding and biking as well as being a gifted musician and artist.
- All of his family and friends can't accept this as a suicide. After much painful and thorough research into this incident we've come to the conclusion that this was a completely unexpected and unimaginable accident."

13. On or about October 16, 2020, Defendant HARTFORD denied Plaintiffs' appeal request and upheld the prior denial.

14. On or about April 23, 2021, Plaintiffs, through counsel, requested Defendant HARTFORD provide an extension until June 23, 2021 to provide additional documentation in support of their prior appeal request.

15. On or about April 27, 2021, Defendant HARTFORD denied Plaintiffs' request for an extension.

16. On or about May 6, 2021, Plaintiffs, through counsel, again requested

Defendant HARTFORD review additional documentation in support of their appeal. This request was based on the extension afforded to all ERISA appeals due to the COVID-19 Outbreak and the difficulty the pandemic had created in obtaining additional documentation and evidence in support of their appeal.

17. On or about May 10, 2021, Defendant HARTFORD denied Plaintiffs' second request for additional time to provide supplemental evidence in support of their prior appeal.

18. On or about June 3, 2021, forensic medical expert George Nichols, II, MD prepared a report regarding his independent cause of death determination based on the documentation concerning Luke Kim's death. Dr. Nichols' conclusion was that there were two equally plausible scenarios- homicide or suicide. As a result, Dr. Nichols concluded "[w]ith reasonable medical certainty I cannot determine which manner of death is correct. To me, the manner of death is undetermined."

19. On or about June 22, 2021, Plaintiffs, through counsel, provided Defendant HARTFORD with a report from forensic expert George Nichols, II, MD. Dr. Nichols' report supported Plaintiffs' contention that Defendant HARTFORD failed to meet its burden of proof in applying the suicide exclusion and denying benefits under the Supplemental Life insurance claim.

20. To date, DEFENDANT Hartford has not acknowledged receipt of Plaintiffs' supplemental appeal documentation or substantively responded to Plaintiffs within the 45-day review period under ERISA. As such, Plaintiffs allege that their appeal is deemed denied and all administrative remedies have been exhausted.

21. As a direct and proximate result of the Defendant HARTFORD's denials, Plaintiffs' have not been provided the Supplemental Life Insurance death benefits under by the Plan.

22. As a further direct and proximate result of the denial of benefits, Plaintiffs' have been required to incur attorney fees to pursue this action and are entitled to have such fees paid by defendants pursuant to 29 U.S.C. § 1132(g) (1), ERISA § 502(g) (1).

23. A controversy now exists between the parties as to whether Plaintiffs are entitled the Supplemental Life Insurance benefits under the Plan. Plaintiff seeks the declaration of this Court that Defendant HARTFORD has failed meet its burden of proof required for an insurance carrier to apply an exclusion of benefits under the Plan.

WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

1. Payment of the Supplemental Life Insurance benefits as elected by decedent Luke Kim;

2. For reasonable attorney fees incurred in this action; and,

3. For such other and further relief as the Court deems just and proper.

DATED: August 10, 2021                DONAHUE & HORROW, LLP

MICHAEL B. HORROW
Attorneys for Plaintiffs MICHAEL HOON KIM, and MIMI KIM

COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN